Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| ROSS E. NAGOT, ) | Case No. 18-bk-754 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| ROSS E. NAGOT and ) | |
| MARTIN P. SHEEHAN, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary No. 19-ap-04 |
| ) | |
| SUNCOAST CREDIT UNION f/k/a ) | |
| SUNCOAST SCHOOLS FEDERAL ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Suncoast Credit Union seeks the dismissal of Counts II, III, and V of the complaint filed against it by Ross E. Nagot (the "Debtor") and Martin P. Sheehan, the Chapter 7 trustee administering Mr. Nagot's bankruptcy estate. Specifically, Suncoast contends that the Plaintiffs failed to adequately plead facts supporting their contention that Suncoast violated the West Virginia Consumer Credit Protection Act ("WVCCPA") (Count II), that it engaged in the intentional infliction of emotional distress (Count III), and that it violated the automatic stay by exercising control over property of the bankruptcy estate.

The Plaintiffs contend that they adequately pleaded causes of action. Specifically, Mr. Nagot contends that he pleaded a cause of action under the WVCCPA because his allegations regarding Suncoast's failure to comply with the Uniform Enforcement of Foreign Judgments Act

1

("UEFJA") qualify as prohibited conduct under the WVCCPA.  He, therefore, asserts that Count II must survive the motion to dismiss.  Additionally, he contends that he adequately pleaded a cause of action for intentional infliction of emotional distress because Suncoast's conduct was intentional and so "outrageous and extreme" that it caused him significant emotional distress.  He therefore contends that Count III of the complaint is plausible.  Finally, he contends that the court should deny Suncoast's motion to dismiss Count V because it admitted that it has not refunded Mr. Nagot's wages that it garnished within the ninety days prepetition.

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint against it when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the non-movant, (2) accept the factual allegations in the complaint as true, and (3) draw all reasonable inferences in favor of the plaintiff. 2 *Moore's Federal Practice – Civil* § 12.34 (2018).  After undertaking these steps, the claim for relief must be "'plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining a motion to dismiss, the court is not adjudicating whether a plaintiff will ultimately prevail on the merits of the complaint; it is only determining if the plaintiff is entitled to offer evidence to support the claims. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

## II.  BACKGROUND

On June 26, 2012, Suncoast obtained a judgment against Mr. Nagot in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.  Suncoast subsequently garnished Mr. Nagot's wages, including $1,284.48 during the ninety days before he filed his voluntary petition for Chapter 7 relief.  Notably, Mr. Nagot resided in West Virginia during that period.  On January 24, 2019, the Plaintiffs filed this adversary proceeding, to which Suncoast responded with the extant motion to dismiss in May 2019.

In September 2019, the court convened a telephonic hearing in this proceeding to discuss its status.  Among things discussed was that the court had at that time resolved a motion to dismiss a nearly identical complaint in another proceeding.  The court recognized, however, that the motion to dismiss here is not as broad as what the court faced in the other adversary proceeding.  Additionally, the Plaintiffs informed the court that they likely needed to amend Count II, but the

parties asked the court to essentially hold the motion to dismiss in abeyance for a period of time so that they could explore settlement of the proceeding. Ultimately, the settlement discussions did not bear fruit, and the parties informed the court during a November 2019 telephonic status conference that its resolution of the motion to dismiss is necessary.

### III. ANALYSIS

Having reviewed the parties' respective arguments, the court finds it appropriate to grant Suncoast's motion to dismiss Counts II, II, and V. Notably, however, the court will dismiss the counts without prejudice to the Plaintiffs amending their complaint. Regarding Counts II and III, the court simply finds that the Plaintiffs failed to adequately plead causes of action. Specifically, the Plaintiffs noted during the September teleconference that they incorrectly pleaded their cause of action in Count II such that an amendment would be necessary. The court, therefore sees no reason to undertake a substantive analysis of Count II and will simply dismiss it without prejudice.

Regarding Count III, Suncoast asserts that the Plaintiffs claim is "solely based upon [Suncoast's] alleged violation of the UEFJA . . ." such that it is entitled to dismissal of the complaint because its alleged violation of the UEFJA "is not 'atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.'" Indeed, Count III contains conclusory statements regarding the effect of Suncoast's alleged failure to comply with the UEFJA. For instance, in support of their statement that Suncoast's conduct is "atrocious, intolerable and extreme so as to exceed the bounds of decency," the Plaintiffs contend that Suncoast acted "willfully" to deny the Debtor statutory rights and that Suncoast "has adopted policies and procedure [sic] without regard to West Virginia law . . . ." As a result, Mr. Nagot asserts that he "has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress." Suncoast, however, flatly denies that its conduct leads to liability under Count III even if it ultimately is found to have violated the UEFJA. In that regard, it noted during the court's October 2019 interim status conference that it did not even know the Debtor left Florida at the time it acted upon its judgment. The court finds that notion persuasive, particularly in the absence of any factual statements to support the Plaintiffs' allegation that Suncoast acted willfully and in disregard to violate West Virginia law. The court will therefore dismiss Count III. Like Count II, however, the court's dismissal will be without prejudice to afford the Plaintiffs an opportunity to plead additional facts to support their cause of action for intentional infliction of emotional distress.

Finally, the court will dismiss Count V because the Plaintiffs do not adequately allege a violation of the automatic stay under § 362(k) of the Bankruptcy Code.  In that regard, they simply allege that Suncoast is exercising control over property of the estate, which is prohibited under § 362(a)(3), but they do not specifically reference § 362(k) in support of their contention that Suncoast willfully violated the automatic stay.  In that regard, the Plaintiffs rely upon Exhibit B attached to the complaint, which they contend is the letter by which they requested the voluntary turnover of the funds Suncoast garnished prepetition.  They therefore assert that Suncoast's refusal violates the automatic stay.  Notably, however, the fact that the Plaintiffs seek to avoid a "transfer" under § 547(b) belies the contention that the property to be recovered is property of the bankruptcy estate.  Congress defined "transfer" in the Bankruptcy Code as, among other things not applicable here, "(C) the foreclosure of a debtor's equity of redemptions; or (D) each mode . . . of disposing of or parting with—(i) property; or (ii) and interest in property."  11 U.S.C. § 101(54).  Consistent with preference theory, a transfer occurred prepetition thus removing the funds sought in the action from property that comprised the bankruptcy estate and the ambit of § 362(a)(3).  The court will therefore dismiss Count V of the Plaintiffs' complaint alleging a violation of the automatic stay.

## IV. CONCLUSION

Based upon the analysis herein and consistent with Fed. R. Civ. P. 58(a), made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting without prejudice Suncoast's motion to dismiss Counts II , III, and V.